798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James MCDUFFIE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3650.
 United States Court of Appeals,
Sixth Circuit.
 July 31, 1986.
 
 Before LIVELY, Chief judge; WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by a claimant from judgment of the district court affirming the Secretary's denial of social security disability benefits. The claimant is retarded and has a very meager work record, but bases his claim for benefits on the earnings record of his deceased father. While the claimant stated at the hearing that he felt he could work as a janitor or a busboy, his mother testified that he required so much direction in performing the simplest of daily activities that he did not have the capacity to obtain or hold a job. The record disclosed two sets of I.Q. scores. In March 1983 the claimant's test scores indicated an I.Q. of 69-71 while in September 1983 his full scale score was 79-81.
 
 
 2
 The administrative law judge found that the claimant had a severe impairment, but that it did not equal or exceed in severity the listing of impairments set forth in Appendix 1 to Subpart P of the applicable regulations. These regulations provide that a person is considered disabled if he has an "IQ of 60 to 69 inclusive ... and a physical or other mental impairment imposing additional and significant work-related limitation of function." The administrative law judge assumed that the I. Q. testing of 69-71 brought the claimant within this regulation, but further concluded that there was no showing of any physical or other mental impairment which would impose an additional significant work-related limitation. The decision of the administrative law judge was accepted by the Secretary as her final decision and the district court granted summary judgment to the Secretary in this action to review that decision.
 
 
 3
 On appeal the plaintiff relies principally upon the report of a clinical psychologist to the effect that he had some elements of a thought disorder which "in more traditional terms would reflect on a 'simple schizophrenia." ' The plaintiff argues that simple schizophrenia constitutes an additional impairment bringing him within the listing. However, a psychiatrist who testified as a medical adviser stated that the clinical psychologist did not have a proper basis for making a diagnosis of simple schizophrenia. The medical adviser also felt that the plaintiff's true I.Q. was higher than 69 because it is impossible to falsify an I.Q. upward, while one being tested can produce an artifically lowered score. This witness felt that the plaintiff's true 1. Q. was somewhere between 69 and 79 and that he did not meet the first prong of the listing.
 
 
 4
 Upon consideration of the record and briefs of the parties, oral argument having been waived, this court concludes that the decision of the Secretary, affirmed by the district court, is supported by substantial evidence. While the plaintiff established the existence of a severe impairment, we cannot say that the finding of the Secretary that the impairment did not equal or exceed the severity of listed impairments is without substantial support in the record.
 
 
 5
 The judgment of the district court is affirmed.